Joseph G. Adams (#018210)
David G. Barker (#024657)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, Arizona 85004-2202
Telephone: (602) 382-6000
Facsimile:  (602) 382-6070
Email: jgadams@swlaw.com
Email: dbarker@swlaw.com

Attorneys for Plaintiff
Great American Duck Races, Inc.

**UNITED STATES DISTRICT COURT FOR THE**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Great American Duck Races, Inc., an Arizona corporation,<br><br>Plaintiff,<br><br>vs.<br><br>4 Sizzle, Inc., an Arizona corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiff Great American Duck Races, Inc., which does business as Great American Merchandise & Events ("GAME"), alleges the following for its complaint against defendant 4 Sizzle, Inc. ("4 Sizzle"):

**PARTIES**

1. GAME is an Arizona corporation with its principal place of business located in Scottsdale, Arizona.

2. 4 Sizzle is an Arizona corporation with its principal place of business located in Tempe, Arizona.

## JURISDICTION AND VENUE

3. This civil action includes claims for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1-376. This civil action further includes claims for common law unfair competition under the laws of the State of Arizona. GAME is a citizen of the State of Arizona.

4. This court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338. This Court also has supplemental jurisdiction over the claim of unfair competition as provided in 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over 4 Sizzle because 4 Sizzle is a resident of Arizona and its contacts with Arizona are substantial, continuous, and systematic. 4 Sizzle has committed acts of patent infringement, contributed to or induced acts of patent infringement by others, and/or committed acts of unfair competition in Arizona. 4 Sizzle has purposefully availed itself of the privilege of doing business in Arizona and has purposefully directed its infringing activities at Arizona, knowing GAME would be harmed by the infringement in Arizona. Further, 4 Sizzle has purposefully injected its infringing products into the stream of commerce, knowing that the infringing products would be sold in Arizona, and 4 Sizzle's products have in fact been sold in Arizona.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because 4 Sizzle resides in this district, is subject to personal jurisdiction here, has committed acts of infringement here, and because a substantial part of the events giving rise to GAME's claims occurred here.

## GAME'S BACKGROUND

7. Headquartered in Scottsdale, Arizona, GAME is an innovative marketing and merchandise company that sells popular consumer products directed at the pool and spa industry. GAME's products are sold in a variety of well-known retail outlets, such as Target, Wal-Mart, Leslie's, and specialty pool and spa channels in the United States and other countries. GAME also provides services to non-profit organizations that raise

1  millions of dollars for charities with GAME's well-known "Derby Duck Races."

2       8.    GAME is the exclusive licensee of rights to a unique series of products called the Underwater Light Show or Underwater Light Show & Fountain (collectively, "ULS"), including the right to manufacture, advertise, promote, offer for sale, sell, and distribute the ULS in the United States. GAME has been selling the ULS since March 13, 2006. Since the introduction of the products, GAME has sold over 3.7 million units of ULS products, with total sales of more than $13.3 million throughout the United States. GAME sells the ULS through national retailers, including the well-known retail outlets listed above.

     9.    The ULS provides a novel and entertaining, bright and colorful light display on the bottom and sides of a swimming pool. The ULS creates light shows by, for example, causing LEDs to flash randomly, stay on continuously, fade from one color to the next, flash multiple colors together, or to randomly cycle through various shows. The result is an attractive light display that enhances the environment in and around a swimming pool.

     10.    Since 2006, GAME has invested significant sums to market and advertise the ULS, which has resulted in significant consumer goodwill and recognition of GAME as the source of the ULS, including the ULS depicted below. The ULS contains non-functional, source-identifying trade dress, designs, features, and other indicia that are distinctive and capable of identifying GAME as the source of the ULS.

     11.    On August 19, 2008, the United States Patent and Trademark Office ("PTO") issued United States Patent Number 7,413,319 ("the '319 Patent") [attached as Ex. A], entitled "METHOD AND SYSTEM FOR UNDERWATER LIGHT DISPLAY," and on May 18, 2010, the PTO issued United States Patent Number 7,717,582 ("the '582 Patent") [attached as Ex. B], also entitled "METHOD AND SYSTEM FOR UNDERWATER LIGHT DISPLAY," to Jose Longoria, Loren T. Taylor, and Traci Heather Feldman. Taylored Concepts, LLC, a New Jersey corporation having its principal place of business located in Chatham, New Jersey, and Longoria

- 3 -

1  Design, LLC, a Florida company having its place of business located in Miami, Florida,
2  are the assignees of all right, title, and interest in and to the '319 and '582 Patents. The
3  '319 and '582 Patents include disclosure relating to the ULS. True and correct copies of
4  the '319 and '582 Patents are attached to this Complaint as Exhibit A and Exhibit B.

5  12.  GAME is the exclusive licensee of the '582 and '319 Patents from
6  Taylored Concepts, LLC and Longoria Design, LLC, with the exclusive right to
7  manufacture, advertise, promote, offer for sale, sell, and distribute products associated
8  with the '582 and '319 Patents in the United States, and with the right to bring suit to
9  enforce the '582 and '319 Patents, including the right to recover damages for past
10 infringement. GAME has been the exclusive licensee throughout the period of 4
11 Sizzle's infringing acts and remains as such.

## **4 SIZZLE INTENTIONALLY COPIED GAME'S ULS TO UNFAIRLY COMPETE WITH GAME**

13.  4 Sizzle has made, used, offered for sale, and sold, in the United States and in Arizona, a smaller but virtually identical copy of GAME's ULS product that is depicted below ("Infringing Product").

   

**Infringing Product**                    **GAME's ULS**

14.  The Infringing Product is sold in Leslie's locations in Arizona and other states. In Leslie's, the Infringing Product is sold alongside GAME's ULS and other GAME products.

- 4 -

| **Infringing Product** | **GAME's ULS** |
|---|---|
|  |  |
|  |  |
|  |  |

15. As a nearly identical copy, the Infringing Product has also copied certain non-functional, distinctive, source-identifying features and indicia of the ULS in an attempt to unfairly compete with GAME and capitalize on the goodwill GAME has developed through its extensive marketing and sales of the ULS and its other products.

16. The Infringing Product, while appearing nearly identical, is inferior in quality to the ULS product in numerous respects.

17. In addition to copying non-functional, source-identifying features and indicia associated with the ULS, 4 Sizzle has also copied functional aspects of the ULS, such that the Infringing Product infringes one or more claims of the '582 and '319 Patents.

18. 4 Sizzle intentionally copied the ULS, which is evidenced by the degree to which 4 Sizzle sought to make the Infringing Product appear nearly identical to GAME's ULS. As depicted above, 4 Sizzle attempted to make nearly identical copies of certain functional and non-functional features of the ULS, including without limitation, the overall profile, shape, and look and feel of the ULS.

19. That 4 Sizzle placed the Infringing Product in direct proximity to GAME's ULS in Leslie's is further evidence of 4 Sizzle's intent to copy GAME's ULS.

20. 4 Sizzle's direct and intentional copying show that non-functional, source-identifying features of the ULS that 4 Sizzle copied are distinctive and have secondary-meaning, such that consumers identify GAME as the source of the ULS based on those features.

21. Prior to copying the ULS, 4 Sizzle was aware that the ULS was protected by the '582 and '319 Patents.

22. Based on 4 Sizzle's intentional copying of the ULS and 4 Sizzle's knowledge of the '582 and '319 Patents before copying the ULS, 4 Sizzle willfully infringed the '582 and '319 Patents.

23. 4 Sizzle is unfairly competing with GAME because 4 Sizzle made nearly identical copies of the ULS, has infringed the '582 and '319 Patents, and has copied and

infringed the non-functional, source-identifying features and trade dress of the ULS. As such, 4 Sizzle is piggybacking on GAME's goodwill and fame, to GAME's detriment and to 4 Sizzle's unfair advantage and gain.

## COUNT ONE

### (Infringement of the '582 Patent)

24. GAME realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

25. 4 Sizzle has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '582 Patent by practicing one or more claims of the '582 Patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of the Infringing Product in violation of 35 U.S.C. § 271.

26. 4 Sizzle has infringed and is continuing to infringe the '582 Patent by contributing to and/or actively inducing the infringement by others of the '582 Patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of the Infringing Product in violation of 35 U.S.C. § 271.

27. 4 Sizzle has willfully infringed the '582 Patent.

28. 4 Sizzle's acts of infringement of the '582 Patent will continue as alleged in this Complaint unless enjoined by the Court.

29. As a direct and proximate result of 4 Sizzle's infringement of the '582 Patent, GAME has suffered and will suffer monetary damages.

30. GAME is entitled to recover from 4 Sizzle the damages sustained by GAME as a result of 4 Sizzle's wrongful acts in an amount to be determined at trial.

31. GAME has suffered irreparable harm as a result of 4 Sizzle's infringement of the '582 Patent.

32. Unless 4 Sizzle is enjoined by this Court from continuing its infringement of the '582 Patent, GAME will continue to suffer irreparable harm and impairment of the value of its patent rights. Thus, GAME is entitled to a preliminary and permanent injunction against further infringement.

## COUNT TWO

### (Infringement of the '319 Patent)

33. GAME realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

34. 4 Sizzle has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '319 Patent by practicing one or more claims of the '319 Patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of the Infringing Product in violation of 35 U.S.C. § 271.

35. 4 Sizzle has infringed and is continuing to infringe the '319 Patent by contributing to and/or actively inducing the infringement by others of the '319 Patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of the Infringing Product in violation of 35 U.S.C. § 271.

36. 4 Sizzle has willfully infringed the '319 Patent.

37. 4 Sizzle's acts of infringement of the '319 Patent will continue as alleged in this Complaint unless enjoined by the Court.

38. As a direct and proximate result of 4 Sizzle's infringement of the '319 Patent, GAME has suffered and will suffer monetary damages.

39. GAME is entitled to recover from 4 Sizzle the damages sustained by GAME as a result of 4 Sizzle's wrongful acts in an amount to be determined at trial.

40. GAME has suffered irreparable harm as a result of 4 Sizzle's infringement of the '319 Patent.

41. Unless 4 Sizzle is enjoined by this Court from continuing its infringement of the '319 Patent, GAME will continue to suffer irreparable harm and impairment of the value of its patent rights. Thus, GAME is entitled to a preliminary and permanent injunction against further infringement.

## COUNT THREE

### (Common Law Unfair Competition)

42. GAME hereby realleges and incorporates by reference the preceding

1  paragraphs of this Complaint as though fully set forth herein.

2    43.  GAME owns rights in the ULS as alleged in this Complaint, including
3  without limitation rights under the '582 and '319 Patents and common law rights in
4  distinctive, non-functional, source-identifying aspects of the ULS (the "ULS Trade
5  Dress") in Arizona and throughout the United States.

6    44.  4 Sizzle has sold and continues to sell nearly identical copies of GAME's
7  ULS.

8    45.  4 Sizzle has intentionally caused its nearly identical Infringing Product to
9  appear in close proximity to the ULS in Leslie's.

10   46.  4 Sizzle has intentionally caused the Infringing Product to appear to be
11 identical to the ULS, but the Infringing Product is an inferior knock-off product.

12   47.  By reason of 4 Sizzle's acts alleged in this Complaint, 4 Sizzle falsely
13 represents that it is somehow affiliated with, or sponsored or endorsed by, GAME; 4
14 Sizzle infringes the '582 and '319 Patents; 4 Sizzle dilutes the goodwill in the ULS
15 Trade Dress; and 4 Sizzle's conduct is therefore likely to confuse, mislead, or deceive
16 purchasers.

17   48.  By reason of 4 Sizzle's acts alleged in this Complaint, GAME has
18 suffered and continues to suffer damage to its business, reputation, and goodwill,
19 together with the loss of sales and profits GAME would have made but for 4 Sizzle's
20 acts, in an amount to be proven at trial.

21   49.  By reason of 4 Sizzle's acts alleged in this Complaint, GAME has suffered
22 and continues to suffer irreparable damage. Unless 4 Sizzle is restrained, the damage
23 and irreparable harm to GAME will increase. GAME has no adequate remedy at law.
24 GAME is entitled to preliminary and permanent injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, GAME prays for judgment against 4 Sizzle as follows:

1. For judgment in favor of GAME and against 4 Sizzle on the claims set forth above;

1       2.      For judgment that the '582 and '319 Patents are valid, enforceable and
2  infringed by 4 Sizzle;

3       3.      For profits and damages resulting from 4 Sizzle's past and present
4  infringement of the '582 and '319 Patents;

5       4.      For damages resulting from 4 Sizzle's past and present unfair competition
6  with GAME and GAME's ULS product;

7       5.      For judgment that 4 Sizzle's conduct on each of the claims set forth above
8  was willful, intentional, and/or in bad faith;

9       6.      For treble damages resulting from 4 Sizzle's willful infringement of the
10 '582 and '319 Patents under 35 U.S.C. § 284;

11      7.      For 4 Sizzle's profits, and damages resulting from 4 Sizzle's willful intent
12 to trade on GAME's reputation and goodwill, and 4 Sizzle's willful intent to cause
13 dilution of GAME's reputation and goodwill in the ULS Trade Dress;

14      8.      For judgment that this is an exceptional case under 35 U.S.C. § 285;

15      9.      For an award of reasonable attorneys fees, including under 35 U.S.C. §
16 285;

17      10.     For injunctive relief, preliminarily and permanently enjoining against the
18 continuing infringement of the '319 and '582 Patents by 4 Sizzle, its officers, agents,
19 servants, employees, and those persons acting in active concert or in participation with
20 them, under 35 U.S.C. § 283;

21      11.     For injunctive relief, preliminarily and permanently enjoining against any
22 conduct that tends to falsely represent or dilute, or that is likely to confuse, mislead, or
23 deceive purchasers, 4 Sizzle's customers, and/or members of the public, to believe that
24 the Infringing Product is any way affiliated or connected with GAME;

25      12.     For an order that all of 4 Sizzle's existing inventory of the Infringing
26 Product be impounded and destroyed, or otherwise reasonably disposed of;

27      13.     For costs and disbursements incurred by GAME;

28      14.     For an assessment of prejudgment interest; and

- 10 -

1. 15. For any other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

GAME hereby demands a jury trial under Rule 38 of the Federal Rules of Civil Procedure as to all issues in this lawsuit of which trial by jury is permitted.

Dated this 26th day of April, 2012.

    SNELL & WILMER L.L.P.

By: s/ Joseph G. Adams
    Joseph G. Adams
    David G. Barker
    One Arizona Center
    400 E. Van Buren
    Phoenix, Arizona  85004-2202
    Attorneys for Plaintiff
    Great American Duck Races, Inc.

14946233